**PHILLIPS & ASSOCIATES**

*Attorneys at Law*
45 BROADWAY, SUITE 620, NEW YORK, NEW YORK 10006
TEL: (212) 248-7431 FAX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
*A PROFESSIONAL LIMITED LIABILITY COMPANY*

August 15, 2023

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:   *Ashleigh Awusie v. Hudson Yards Catering, LLC, et al.*
           *Case No.: 1:22-cv-03162-PAE*

Dear Judge Engelmayer:

      We represent the Plaintiff in the above-referenced case. We write, for a second time, pursuant to Rule 2(c) of Your Honor's Individual Practice Rules and Local Civil Rule 37.2, regarding Defendants' failure to furnish discovery requests on Plaintiff, and Defendants' failure to respond to Plaintiff's discovery requests. As such, Plaintiff respectfully requests an informal conference on this matter.

      On July 21, 2023, Plaintiff filed a letter motion addressed to Your Honor regarding Defendants' failure to furnish interrogatories and document demands, as well as their failure to produce documents and responses to Plaintiff's interrogatory requests. At that time, Defendants responded, stating that they anticipated producing the requests, as well as the responses, by August 3, 2023. On July 27, 2023, Your Honor granted this extension.

      On August 3, 2023, Defendants emailed Plaintiff with their responses to interrogatories, as well as their responses to document demands.

      Defendants' responses are riddled with baseless objections to the point where most interrogatories were left unanswered. Further, for nearly each of Plaintiff's document requests, Defendants' response was that the documents were "to be produced," with no accompanying document production. Defendants' represented that they would be providing their own demands and interrogatories on August 4, 2023.

      On August 4, 2023, after not receiving the document demands or interrogatories from Defendants, and in a good-faith attempt to allow Defendants to remedy the blatant deficiencies in the production, Plaintiff's counsel emailed Defendants' counsel to ascertain when Plaintiff could expect the "to be produced," documents.

On August 8, 2023, Defendants' counsel responded that they were further delayed in producing the requests, as well as the document production, and ensured that Plaintiff's counsel would be provided with an estimated date of when to expect such production. To date, Plaintiff has not received the production, or Defendants' interrogatories or document demands.

At this point, the current end of fact discovery remains August 18, 2023, and Plaintiff has not received any documents, or demands from Defendants. As such, the parties have been prevented from conducting depositions.

This delay has unfairly prevented Plaintiff from proceeding with her case and claims. Plaintiff respectfully requests that Your Honor grant an Order striking Defendants' answer for failure to produce information and documents pursuant to Plaintiff's discovery demands, as well as any other sanctions that the Court finds appropriate. In the alternative, Plaintiff respectfully requests that Defendants be compelled to produce interrogatories, document demands, and documents responsive to Plaintiff's demands.

We thank Your Honor in advance for your consideration in this matter.

Respectfully Submitted,

/s/ Laura E. Bellini, Esq.
**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431

The Court is dismayed by plaintiff's report that document discovery from defendants remains outstanding, given the August 18, 2023 end date for fact discovery. Given the imminence of that deadline, the Court orders defendants to respond to plaintiff's account by **August 16, 2023**.

SO ORDERED.

*Paul A. Engelmayer*

Dated: August 15, 2023
New York, New York

PAUL A. ENGELMAYER
United States District Judge